## SIMS v. STATE.

### Opinion delivered May 12, 1900.

CRIMINAL PROCEDURE—ORDER OF TRIAL OF DEFENDANTS.—The statute providing that when defendants jointly indicted elect to sever and fail to elect the order in which they shall stand upon the docket for trial, "they shall stand in the order in which their names appear upon the indictment" (Sand. & H. Dig., § 2189), does not contemplate that a defendant jointly indicted shall not go to trial until final disposition has been made of the case of his co-defendant, which stands first on the docket for trial. (Page 180.)

Appeal from Pope Circuit Court.

WM. L. MOOSE, Judge.

*J. T. Bullock*, for appellant.

The evidence is not sufficient to sustain the verdict. It was error to require appellant to go to trial upon his co-defendant's second trial. Sand. & H. Dig., § 2189.

*Jeff Davis, Attorney General*, and *Chas. Jacobson*, for appellee.

There was no error in the court's ruling requiring appellant to go to trial before the re-trial of his co-defendant.

BATTLE J.   Two questions are presented in this cause for decision:

First.   Did the court err in requiring appellant to go into trial before W. V. Davis, a co-defendant, was acquitted, convicted, or finally discharged?

Second.   Was the verdict of the jury sustained by evidence?

First.   The appellant insists that the court erred in requiring him to go into trial before his co-defendant, W. V. Davis, was again tried, after he (Davis) had been on trial, and the jury impaneled to try him had failed to agree as to his guilt or innocence, and had been discharged.   He cites a statute to sustain his contention, which is as follows:   "When jointly indicted for a felony, any defendant requiring it is entitled to a separate trial, and, when the trials are severed, the defendants may elect the order in which they shall *stand upon the docket* for trial; but if no such election is made, they shall stand in the order in which their names appear upon the indictment."   Sand. & H. Dig., § 2189.   The statute does not provide that they shall be tried in any particular order, without regard to circumstances, but prescribes the order, as to themselves, in which they shall stand on the docket.   When they elect in what order they shall stand for trial, they stand in court as they would, had they been indicted separately, and the indictments against them had been docketed in the order they elected.   The statute provides only how their cases shall be called for trial.   If one is not ready or is not tried when his case is reached, the next in the order of succession stands for trial, like all other cases upon the criminal docket of the court.   Because one case stands first on the docket, all other cases coming after it are not postponed when it is continued or passed until after it is tried, yet it stands first upon the docket for trial.   The statute fixes only the order in which the cases of defendants jointly indicted shall be called for trial after they have severed, and elected the order in which they shall stand upon the docket for trial, and provides that, if no such election is made, they shall stand in the order in which their names appear upon the indictment.

Second. We have carefully examined the record, and find sufficient evidence to sustain the verdict of the jury.

Judgment affirmed.