COE *v.* STATE.

Opinion delivered October 10, 1927.

1. CRIMINAL LAW—SEVERANCE OF TRIAL.—Refusal to permit defendants to elect who should be tried first after severance was granted *held* not error, under Crawford & Moses' Dig., § 3140.

2. CRIMINAL LAW—SEVERANCE OF DEFENDANTS—ORDER OF TRIAL.— The defendant first named in an indictment *held* rightfully tried first after court granted a severance.

3. CRIMINAL LAW—HEARSAY EVIDENCE.—In a trial for manufacturing liquor, testimony as to talking to two men, who told witness they were operating a still where defendant was found when arrested, *held* properly excluded as purely hearsay and incompetent.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge ; affirmed.

*H. W. Applegate,* Attorney General, and *John. L. Carter,* Assistant, for appellee.

McHaney, J. Appellant was jointly indicted with three others, tried separately, convicted on a charge of manufacturing liquor, and sentenced to one year in the penitentiary. From the judgment and sentence against him he has prosecuted an appeal to this court, but has not favored us with a brief in his behalf.

He has assigned eleven errors in his motion for a new trial, the first being the refusal of the court to permit the defendants in the indictment to elect who should be tried first, after the court had granted a severance in this case. This was not error. The assignment is based on the provisions of § 3140 of C. & M. Digest. Construing that section, in the case of *Clark* v. *State,* 169 Ark. 717-736, 276 S. W. 849-856, this court said:

"The provisions of the statute have been held to be directory merely. Where defendants jointly indicted sever, they stand in court as they would had they been indicted separately. If one is not ready for trial, or is not tried when his case is reached, the next in order of succession stands for trial like all other cases upon the criminal docket of the court." See also *Sims* v. *State,* 68 Ark. 188, 56 S. W. 1072; *Burns* v. *State,* 155 Ark. 1, 243 S. W. 963; *Harris* v. *State,* 170 Ark. 1073, 282 S. W. 680.

Appellant here was the first named in the indictment, and was therefore rightfully placed on trial.

The next assignment of error is that the court erred in refusing to permit one Elmer Johnson to testify that he talked to two men, who told him they were operating the still at the place where appellant was found when arrested. This was purely hearsay testimony, and wholly incompetent.

A number of errors are assigned because of the court's refusal to give requested instructions, and in modifying and giving instructions as modified over appellant's objections and exceptions. We have examined these assignments of error carefully, and find that the court committed no error in the refusal to give requested instructions, and in modifying and giving as modified other requested instructions. It would serve

no useful purpose here to set out these instructions and comment on them separately. The court's charge, taken as a whole, was full, and fairly set forth the law applicable to the case.

The last assignment of error is that the verdict is contrary to the evidence. We have read the abstract of the evidence as prepared by the Attorney General, and have verified same from the transcript, and find it sufficient to go to the jury on the question of his guilt or innocence.

No error appearing, the judgment is affirmed.